**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**JOSE QUIROZ**;
**JUAN RAMON ESTEBAN AND WENDY
URBANO**, legal parents of the minor
**E.E.U.**, acting in their name and on behalf
of their daughter;
**LODUIS ALECON AND DIURNIS
CABRAL**, legal parents of the minors
**P.A.C.** and **M.A.C.**, acting in their name
and on behalf of their daughter;
**MARCOS JULIO CUEVAS AND LORENZA
ROSARIO**, legal parents of the minor
**S.L.C.R.**, acting in their name and on
behalf of their daughter;
**MAXIMO QUEZADA NUÑEZ AND BELKIS
ROSARIO**, legal parents of the minor
**N.G.Q.R.**, acting in their name and on
behalf of their daughter;
**ZAIDA PEREZ DIAZ**, legal parent of the
minor **M.G.P.**, acting in her name and on
behalf of her daughter;
**ROBERTO GARCIA AND SANDRA
MUÑOZ FERRERA**, legal parents of the
minor **S.G.M.**, acting in their name and on
behalf of their daughter;
**JEISON READ ALMONTE AND
MAIRELYS E. NOVAS**, legal parents of
the minor **J.R.N.**, acting in their name
and on behalf of their daughter;
**ISRAEL BATISTA AND BUENAVENTURA
CARO**, legal parents of the minor **R.B.C.**,
acting in their name and on behalf of their
daughter;
**PABLO CABRERA AND CLAUDIA V.
MATOS**, legal parents of the minor
**R.C.M.**, acting in their name and on
behalf of their daughter;
**EDUARD OVALLE AND TAURIS MEJIA
TAVERAS**, legal parents of the minor
**V.O.M.**, acting in their name and on
behalf of their daughter;

CIVIL NO.

PERSONAL INJURY

TRIAL BY JURY DEMANDED

**ANGEL P. SANCHEZ AND ISABEL OFFER**, legal parents of the minor **J.E.S.**, acting in their name and on behalf of their daughter; **CHINABEL PEÑA**, legal parent of the minor **A.M.M.P.**; acting in her name and on behalf of her daughter; **JOSE LUIS GONZALEZ**; **LUIS ANTONIO CORCINO CASTRO**; **MARYCRUZ ANGELIKA GARRIDO**; **ANTONIO MONTES**[1]

    Plaintiffs

      VS.

AMERICA CRUISE FERRIES, INC.; JOHN DOE; AND ABC INSURANCE COMPANY

    Defendants

## COMPLAINT

TO THE HONORABLE COURT:

COME NOW Plaintiffs, through the undersigned attorney and very respectfully state, allege and pray as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction to entertain the claims pleaded herein due to the existence of diversity of citizenship between the parties involved, pursuant to 28 U.S.C. 1332.

---

[1] The minor plaintiffs are identified by their initial due to the public nature of this filing. Nonetheless, we will provide their full names and contact information to the co-defendants during the initial disclosure stage of the case and/or via a motion to restrict if the Court would prefer.

2.     The amount requested for relief herein exceeds the jurisdictional sum or value of $75,000.00 exclusive of interests and costs pursuant to the requirements of 28 U.S.C. 1332.

3.     At the time of filing the instant suit, plaintiff and defendants have diverse domiciles.

4.     The instant complaint is being filed in the judicial district in which the events or omissions giving rise to the claim occurred. Hence, venue is proper in this district pursuant to 28 U.S.C. 1391 (a)(2).

5.     Supplemental jurisdiction for state based claims is based upon 28 U.S.C. Section 1367 (a).

## II. THE PARTIES

6.     At all times hereinafter mentioned, co-plaintiff **Jose Quiroz**, is of legal age, and a citizen and resident of the Dominican Republic, and a passenger of the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

7.     At all times hereinafter mentioned, co-plaintiff **Juan Ramon Esteban** and co-plaintiff **Wendy Urbano**, both of legal age, citizens and residents of the Dominican Republic and legal parents of the minor and co-plaintiff **E.E.U.**, who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint along with her mother, co-plaintiff **Wendy Urbano**.

8.     At all times hereinafter mentioned, co-plaintiff **Loduis Alecon** and co-plaintiff **Diurnis Cabral**, are both of legal age, citizens and residents of the

Dominican Republic, and legal parents of the minors and co-plaintiffs **P.A.C.** and **M.A.C.**, who were passengers on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

9.    At all times hereinafter mentioned, co-plaintiff **Marcos Julio Cuevas** and co-plaintiff **Lorenza Rosario**, are married, both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-plaintiff **S.L.C.R.**, who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

10.    At all times hereinafter mentioned, co-plaintiff **Máximo Quezada Nuñez** and co-plaintiff **Belkis Rosario,** both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-plaintiff **N.G.Q.R.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

11.    At all times hereinafter mentioned, co-plaintiff **Zaida Pérez Díaz,** is single, of legal age, citizen and resident of the Dominican Republic, and legal parent of the minor and co-plaintiff **M.G.P.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

12.    At all times hereinafter mentioned, co-plaintiff **Roberto Garcia** and co-plaintiff **Sandra Muñoz Ferrera,** are both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-plaintiff **S.G.M.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

13.    At all times hereinafter mentioned, co-plaintiff **Jeison Read Almonte** and co-plaintiff **Mairelys E. Novas**, are both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-plaintiff **J.R.N.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

14.    At all times hereinafter mentioned, co-plaintiff **Israel Batista** and co-plaintiff **Buenaventura Caro,** both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-plaintiff **R.B.C.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

15.    At all times hereinafter mentioned, co-plaintiff **Pablo Cabrera** and co-plaintiff **Claudia V. Matos,** both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-plaintiff **R.C.M.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

16.    At all times hereinafter mentioned, co-plaintiff **Eduard Ovalle** and co-plaintiff **Tauris Mejia Taveras,** both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-plaintiff **V.O.M.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

17.    At all times hereinafter mentioned, co-plaintiff **Angel P. Sanchez** and co-plaintiff **Isabel Offer Florentino,** both of legal age, citizens and residents of the Dominican Republic, and legal parents of the minor and co-

plaintiff **J.E.S.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

18.    At all times hereinafter mentioned, co-plaintiff **Chinabel Peña,** is single, of legal age, citizen and resident of the Dominican Republic, and legal parents of the minor and co-plaintiff **A.M.M.P.,** who was a passenger on the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

19.    At all times hereinafter mentioned, co-plaintiff **Jose Luis Gonzalez**, is of legal age, and a citizen and resident of the Dominican Republic, and a passenger of the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

20.    At all times hereinafter mentioned, co-plaintiff **Luis Antonio Corcino**, is of legal age, and a citizen and resident of the Dominican Republic, and a passenger of the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

21.    At all times hereinafter mentioned, co-plaintiff **Antonio Montes**, is of legal age, and a citizen and resident of the Dominican Republic, and a passenger of the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint.

22.    At all times hereinafter mentioned, co-plaintiff **Marycruz Angelika Garrido**, is of legal age, and a citizen and resident of the Dominican Republic, and a passenger of the Ferry M/V CARIBBEAN FANTASY at the time of the facts alleged in this complaint

23.     Co-defendant America Cruise Ferries, Inc. ("Ferries") is and was, at all times relevant hereto, is an existing corporation created and organized under the laws of the Commonwealth of Puerto Rico, with capacity to sue and be sued, who at the time of the facts herein alleged on operated the Ferry M/V CARIBBEAN FANTASY dedicated to carry passengers, and other type of cargo, between Puerto Rico and the Dominican Republic, with its principal place of business in San Juan, Puerto Rico.

24.     Co-defendant John Doe is an individual or entity domiciled in or incorporated in Puerto Rico, who is also liable to Plaintiffs.

25.     Co-defendant ABC Insurance Company is an insurance company duly organized and existing under the laws of the Commonwealth of Puerto Rico, that issued a policy of insurance covering the acts of this case on behalf of Defendants Ferries and/or John Doe.

### III. FACTS

26.     On August 16, 2016, co-plaintiff Jose Quiroz, who is the coach for the Dominican volleyball team "Avanzada Juvenil, Inc" boarded the M/V Caribbean Fantasy for a round trip voyage from the Dominican Republic to Puerto Rico and returning, along with assistant coaches Jose Luis Gonzalez, Antonio Carcino and Antonio Matos, and team player Marycruz Angelika Garrido; and also team players and minors co-plaintiffs, E.E.U., S.L.C., N.G.Q.R., M.G.P., S.G.M., J.R.N., R.B.C., R.C.M., V.O.M., J.E.S., A.M.M.P., and P.A.C. and M.A.C. to play in a volleyball tournament in Puerto Rico.

27.    However, during the morning hours of August 17, 2016, passengers and appearing co-plaintiffs heard an announcement that a fire had erupted on board, which was out of control and therefore everyone onboard had to report to the upper deck.

28.    As instructed, passengers and appearing co-plaintiffs proceeded to the upper deck, only to find a scenario of total pandemonium, where people were screaming, pushing each other and jumping overboard in hysteria; and fire, smoke and boiling temperature were the main stage.

29.    As naturally foreseeable, passengers and appearing co-plaintiffs broke into panic and/or suffered extreme anxiety because they believed that the ferry was going to explode before they could escape the vessel.  In sum, they believed that they were going to die.  That scenario lasted almost two (2) hours, and all the while the co-plaintiffs were exposed to and constantly breathing toxic smoke.

30.    Passengers and appearing co-plaintiffs, along with hundreds of other passengers had to evacuate the vessel, one by one, via an emergency slides. Since that was the only method of evacuation and had only one passenger could use the slide at a time, the co-plaintiffs had to wait their turn while constantly inhaling toxic smoke being emitted from the out of control fire.

31.    Further, the emergency slide was not inflated properly, causing the slide to bend, thus the US Coast Guard needed to constantly maneuver their boat to keep the slide straight in order for the people to be able to go down through it.

32.     While the emergency slide had to be maneuvered, passengers and the appearing co-plaintiffs were kept victims of aforementioned the toxic smoke. Plaintiffs, like many others, suffered leg injuries while going down the slide and the slide bended, causing them to hit hard ground. Other suffered skin burns and lacerations in different parts of the body due to the friction while going down the slide, until they were finally brought aboard Puerto Rico Police and US Coast Guard vessels and transported along with other passengers to a pier in San Juan Bay and from there to different hospitals and/or medical dispensaries to receive medical attention.

## IV. NEGLIGENCE AND LIABILITY

33.     The allegations in the preceding paragraphs are hereby entirely realleged.

34.     Prior to the events alleged in this complaint, co-defendant's vessel, M/V Caribbean Fantasy, had just undergone extensive repair work due to various mechanical and electrical failures. The August 16th voyage was its first post-repair voyage.

35.     Co-defendant America Cruise Ferries, Inc., operators of the M/V CARIBBEAN FANTASY, was negligent and breached its duty of care towards plaintiff, inasmuch as it failed to properly maintain the vessel seaworthy and safe from dangerous conditions, resulting in the onboard fire that caused plaintiff's the damages alleged herein.

36.     Co-defendant America Cruise Ferries knew about the mechanical and electrical failures of the M/V CARIBBEAN FANTASY vessel immediately

prior to the incidents alleged in this complaint. However, America Cruise Ferries, Inc., acted with reckless disregard for the passenger's safety, omitting and failing to do the proper maintenance and repairs to prevent the events herein alleged.

37.    Co-defendant America Cruise Ferries, Inc., was also negligent by breaching its duty of care towards plaintiffs and acting with reckless disregard for the passenger's safety, inasmuch as it failed to properly maintain the vessel's lifeboats, emergency slides and other safety equipment in proper working condition, resulting in unnecessary delays in the evacuation of plaintiffs and other passengers contributing to the damages alleged in this complaint.

38.    Co-defendant America Cruise Ferries, Inc., was also negligent by breaching its duty of care towards plaintiffs and acting with reckless disregard for the passenger's safety, inasmuch as it failed to properly train the vessel's crew in emergency procedures, resulting in unnecessary delays in the evacuation of plaintiffs and other passengers contributing to the damages alleged in this complaint.

39.    Co-defendant America Cruise Ferries, Inc., was also negligent by breaking its duty to provide passengers with safe ingress and egress to and from the ship. Co-defendant America Cruise Ferries, Inc., was also negligent by creating an unsafe or foreseeable dangerous condition that was under the exclusive control of the defendant.

40.     Co-defendants America Cruise Ferries, acted with total disregard for the passenger's safety by operating the vessel M/V CARIBBEAN FANTASY on August 16 and 17, 2016, knowing the unseaworthiness of such vessel due to electrical and mechanical malfunctions and failures.

41.     Under Articles 1802 and 1803 of the Civil Code of Puerto Rico, defendants are jointly and severally liable for all damages suffered by plaintiffs as a direct result of the defendant's negligence.

## V.     DAMAGES

42.     Among the physical and psychological damages suffered by co-plaintiff **JOSE QUIROZ** as a result of the events alleged in this complaint are:

    a. Smoke inhalation; and constant headaches due to the long exposure to carbon monoxide during the onboard fire.

    b. Injuries through his body, but particularly to his right leg, resulting in a fractured ankle that required a surgical intervention to insert surgical screws, and that will require a second surgical intervention to remove them.

    c. Psychological injuries and emotional distress for which he is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

    d. He has suffered severe physical damages, which have hampered his physical, emotional, and psychological condition.

    e. He is unable to drive, having to depend from third parties to travel from one place to another.

    f. As a direct result of co-defendant's negligence and disregard for the passenger's safety and life, co-plaintiff Quiroz has suffered mental anguishes and permanent damages caused by the disfiguring post-operative scars produced by the fracture suffered during the emergency evacuation process.

    g. His daily activities have been considerably limited inasmuch as he is precluded from performing normal activities, like showering, dressing up, and other daily activities, as they will worsen the degree of constant pain he suffers, product of defendant's negligence. Thus, he has not been able to play and/or coach volleyball either, which is his passion and job, therefore he is entitled to receive a compensation for the loss of income caused as a result of the tragic event.

    h. After the accident caused by co-defendant's negligence, he is under severe pain constantly, in spite of medical treatment, which has included medication.

43. Among the physical and psychological damages suffered by co-plaintiff **E.E.U.** and her mother **WENDY URBANO** as a result of the events alleged in this complaint are:

    a) Smoke inhalation; and constant headaches due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through their body suffered during the emergency evacuation process, including skin burns in the left ankle and arms.

c) Psychological injuries and emotional distress for they are currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia..

d) They have suffered severe psychological damages, which have hampered their physical, emotional, and psychological condition.

e) **JUAN RAMON ESTEBAN** and father of co-plaintiff E.E.U. suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of his wife and daughter'ssafety during and after the ferry's onboard fire that was published by the news.

44.    Among the physical and psychological damages suffered by co-plaintiff **S.L.C.R.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process, including injuries to her right foot.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) She has suffered severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **MARCOS JULIO CUEVAS** and **LORENZA ROSARIO** as legal parents of co-plaintiff S.L.C.R. suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

45.   Among the physical and psychological damages suffered by co-plaintiffs **P.A.C. and M.A.C.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through their body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which they are currently being treated due to symptoms compatible with

Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered their physical, emotional, and psychological condition.

e) Particularly, co-plaintiff PATRICIA ALECON CABRAL suffered burns in the left heel area.

f) **LODUIS ALECON and DIURNIS CABRAL** as legal parents of co-plaintiffs P.A.C. and M.A.C. suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughters' safety during and after the ferry's onboard fire that was published by the news.

46.    Among the physical and psychological damages suffered by co-plaintiff **N.G.Q.R.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **MAXIMO QUEZADA NUÑEZ AND BELKIS ROSARIO**as legal parents of co-plaintiff **N.G.Q.R.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

47.     Among the physical and psychological damages suffered by co-plaintiff **M.G.P.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through their body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **ZAIDA PEREZ DIAZ** as legal parent of co-plaintiff **M.G.P.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety

during and after the ferry's onboard fire that was published by the news.

48.     Among the physical and psychological damages suffered by co-plaintiff **S.G.M.** as a result of the events alleged in this complaint are:

   a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

   b) Injuries through her body suffered during the emergency evacuation process.

   c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

   d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

   e) **ROBERTO GARCIA AND SANDRA MUÑOZ FERRERA** as legal parents of co-plaintiff **S.G.M.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

49.     Among the physical and psychological damages suffered by co-plaintiff **J.R.N.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **JEISON READ ALMONTE AND MAIRELYS E. NOVAS** as legal parents of co-plaintiff**J.R.N.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

50.    Among the physical and psychological damages suffered by co-plaintiff **R.B.C.**as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **ISRAEL BATISTA AND BUENAVENTURA CARO** as legal parents of co-plaintiff **R.B.C.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

51.    Among the physical and psychological damages suffered by co-plaintiff **R.C.M.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **PABLO CABRERA AND CLAUDIA V. MATOS** as legal parents of co-plaintiff **R.C.M.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

52.   Among the physical and psychological damages suffered by co-plaintiff **V.O.M.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **EDUARD OVALLE AND TAURIS MEJIA TAVERAS** as legal parents of co-plaintiff **V.O.M.** suffered extremes and continuous mental anguishes and sufferings due to the

uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

53.     Among the physical and psychological damages suffered by co-plaintiff **J.E.S.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **ANGEL P. SANCHEZ AND ISABEL OFFER** as legal parents of co-plaintiff **J.E.S.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

54.     Among the physical and psychological damages suffered by co-plaintiff **A.M.M.P.** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

e) **CHINABEL PEÑA** as legal parent of co-plaintiff **A.M.M.P.** suffered extremes and continuous mental anguishes and sufferings due to the uncertainty of their daughter's safety during and after the ferry's onboard fire that was published by the news.

55.     Among the physical and psychological damages suffered by the assistant coaches and co-plaintiffs **JOSE LUIS GONZALEZ, LUIS ANTONIO CORCINO CASTRO** and **ANTONIO MONTES** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through their body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which they are currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered their physical, emotional, and psychological condition.

56.     Among the physical and psychological damages suffered by co-plaintiff **MARYCRUZ ANGELIKA GARRIDO** as a result of the events alleged in this complaint are:

a) Smoke inhalation; and constant headaches and breathing problems due to the long exposure to carbon monoxide during the onboard fire.

b) Injuries through her body suffered during the emergency evacuation process.

c) Psychological injuries and emotional distress for which she is currently being treated due to symptoms compatible with Post Traumatic Stress Disorder, such as anxiety, nightmares and insomnia.

d) Severe psychological damages, which have hampered her physical, emotional, and psychological condition.

57.     In all, as a result of defendants' negligence, JOSE QUIROZ suffered serious damages that required invasive surgical intervention and therefore are estimated in a sum not less than $1,500,000.00.

58.     In all, as a result of defendants' negligence, the remaining co-plaintiffs have suffered serious damages estimated in a sum not less than $5,000,000.00.

59.     In addition to the foregoing, plaintiffs have suffered property damages due to the lost goods that they had to leave behind in the M/V Caribbean Fantasy during the emergency evacuation process, in a sum not less than $50,000.00.

## VI. JURY DEMAND

60.     Plaintiffs demand trial by jury on all issued so triable.

**WHEREFORE,** Plaintiffs prays that judgment be entered in their favor and against all Defendants, jointly and severally, known and unknown, in the amount of not less than $6,550,000.00, as well as costs incurred, reasonable attorney's fees, and such other and further relief as may seem just and proper to this Honorable Court, under the circumstances described herein.

Respectfully submitted, at San Juan, Puerto Rico, this 13th day of September, 2016.

**_s/José Agustín Arce-Diaz_**
José Agustín Arce-Díaz, Esq.
José Agustín Arce Diaz Law Office
U.S.D.C.-P.R.  222508
P.O. Box 270-157
San Juan, PR  00928
Tel. (787) 720-3116
Fax (787) 720-8919
jag.arcediaz@gmail.com

s/ Pedro Vázquez Meléndez
Pedro Vázquez Meléndez
USDC-PR 221712

**Arvelo & Vázquez, P.S.C.**
P.O. Box 9024025
San Juan, PR 00902-4025
Tel. (787) 721-7255
Fax. (787) 722-7255
Email: pvazquez@avlawpr.com